# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW W. FANNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:14-01109 |
| v. ) | Judge Sharp/Brown |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**To: The Honorable Kevin H. Sharp, Chief United States District Judge.**

## REPORT AND RECOMMENDATION

This action was brought under 42 U.S.C. §§ 405(g) and 1383(c) for judicial review of the final decision of the Social Security Administration ("the SSA"), through its Commissioner ("the Commissioner"), denying plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 416(i). The undersigned **RECOMMENDS** for the reasons explained below that plaintiff's motion for judgment on the administrative record (Doc. 23) be **DENIED**, the Commissioner's decision **AFFIRMED**, and any remaining motions **TERMINATED** as moot.

## I. PROCEDURAL HISTORY

Plaintiff filed for DIB on March 9, 2011 (Doc. 10, pp. 128-30, 165), alleging a disability onset date of September 16, 2010 (Doc. 10, pp. 128, 165).[1] Plaintiff's application for benefits was denied initially on August 31, 2011, and upon reconsideration on October 28, 2011. (Doc. 10, pp. 56-57)

---

[1] References to page numbers in the Administrative Record (Doc. 10) are to the page numbers that appear in **bold** in the lower right corner of each page.

On November 10, 2011, plaintiff requested a hearing before an administrative law judge (ALJ). (Doc. 10, pp. 69-70) A hearing was held on December 19, 2012 before ALJ James Dixon. (Doc. 10, pp. 26-55) Vocational expert (VE) James Flynn testified at the hearing. (Doc. 10, pp. 26, 46-54) Plaintiff was represented by counsel at the hearing. (Doc. 10, p. 26)

The ALJ entered an unfavorable decision on February 6, 2013. (Doc. 10, pp. 9-20) Plaintiff filed a request with the Appeals Council on February 27, 2013 to review the ALJ's decision. (Doc. 10, pp. 7-8) The Appeals Council denied plaintiff's request on March 28, 2014. (Doc. 10, pp. 1-6)

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action on May 5, 2014. (Doc. 1) Plaintiff filed a motion for judgment on the administrative record on January 26, 2015 (Doc. 23), the Commissioner responded on February 25, 2015 (Doc. 24), and plaintiff replied on March 23, 2015 (Doc. 25). This matter is now properly before the court.

## II. REVIEW OF THE RECORD

A review of the record reveals that the ALJ's decision was well reasoned and amply supported by the record. That said, plaintiff does not allege that the ALJ erred in his unfavorable disability determination due to any reversible error in the proceedings below. On the contrary, the sole discernible claim before the court is that the ALJ mistakenly denied him benefits because the ALJ had "false papers to go by." Because the medical record and transcript of the hearing in the record are not germane to the court's analysis of this claim, the records of both are incorporated herein by reference without further elaboration.

## III. ANALYSIS

### A. Summary of the Pleadings

As previously noted, plaintiff is proceeding in this action *pro se*. The statement of claim in the complaint reads as follows:

> I feel I was done wrong due to I am unable to use my dominant arm due to 3 surgeries in 2011 my injury to back (Lower) in 1977 plus my asthma that I had since I was born along with allergies, hayfever, sinusitis, and also diagnosed with COPD in 2020 and 2011 by 2 different nerve Drs. I'm unable to stand for long periods at a time, no upper muscular help from body or arms. Tennis elbow in left arm. Been using left arm only since July 2010.

(Doc. 1, ¶ 4, p. 2) Plaintiff's demands for relief in the complaint include a determination that he is disabled, all his "back pay," and monthly $1,231.00 disability checks to which his disability attorneys allegedly told him he was entitled. (Doc. 1, ¶ 5, p. 3)

Plaintiff's lengthy motion for judgment on the administrative record is divided into four parts: an introduction section (Doc. 23, pp. 1-4 of 105); a section plaintiff characterizes as the statement of the case (Doc. 23, pp. 5-62 of 105); a section he characterizes as the statement of errors (Doc. 23, pp. 64-80 of 105); a final statement including revised demands for relief (Doc. 23, pp. 99-105). The motion provides the following specific demands for relief:

> I am requesting that this [case] should be a reversal or, in the alternate, remand. And in the 42 U.S.C. 405(g) I am going with sentence six to be able to send in papers or statement to prove some of the things that have not been put in my file.
>
> The relief sought on my behalf is as follows in which is far less than it would be if it goes to court. I feel this would give my life back at least partially. But in the long run it would be good for both sides. To start off with:
>
> Land O Lakes Purina Feed LLC Nash. Tn. in the amount of: $450,000.00 plus half my pay at $1395.00 a month for the false statements on saying that I received Workers Comp wages. In which I have the Denial Letter to prove different.
>
> Dr Michael S LaDouceur in the amount of: $2,500,000.00 plus full open medical insurance with no co-pay and no premium payment for the loss of my dominant arm that left me unable to do anything and for the false statements in his medical records and of course for all the lies.

3

> And for the Social Security Administration I feel that they should give me ten times what my back pay is and the full pay you can get from disability plus full health insurance with no co-pay and no premium payment. In which I feel that I should receive from SSA in the amount of: $900,000.00 with monthly check's [*sic*] of to be $2642.00 a month.

(Doc. 23, pp. 103-04 of 105)

In her response, the Commissioner liberally construed the motion to set forth the following claims of error: "whether substantial evidence supported the ALJ's findings as to the severity of impairments, Plaintiff's credibility, the residual functional capacity, and whether Plaintiff could perform 'other' work that existed in significant numbers in the National economy." (Doc. 24, p. 1) The Commissioner provided law, argument, and references to the record in her response.

Plaintiff's reply (Doc. 25) does not address the arguments set forth in the Commissioner's response. Neither did the reply provide any additional information in support of plaintiff's complaint or motion for judgment on the administrative record. Indeed, plaintiff's statement in his reply, "So I am proposing that this ordeal should just be handled at the courts," suggests an intent on his part to nonsuit this Social Security appeal to pursue other unspecified civil action(s).

Finally, plaintiff filed a notice of filing on April 23, 2015 after he replied to the Commissioner's response. (Doc. 27) The filing includes 135 pages of medical and other records, plus 24 large and small pieces of yellow lined paper with handwritten notes on them.

### B. Plaintiff's Request to Reverse and be Awarded Benefits

Plaintiff asks the court in his first demand for relief to reverse the decision below, and award him benefits.[2] The question is whether plaintiff has alleged and shown that the ALJ committed

---

[2] For reasons that will become apparent, analysis of plaintiff's motion for judgment on the administrative record is best accomplished by addressing his demands for relief.

reversible error that would entitle him to such relief.

Plaintiff asserts in his complaint that he "fe[lt he] was done wrong." Plaintiff lists several alleged impairments/limitations in the complaint. However, he does not provide any factual allegations to support any actionable claim of reversible error. Unsupported by any factual allegations, plaintiff's naked assertion, "I feel I was done wrong" is conclusory in the extreme.

Plaintiff's motion for judgment on the administrative record drowns the reader in a sea of minutia, insinuation and innuendo, allegations of deceit, duplicity and fraud, apparent claims of malpractice, disparaging comments about doctors, attorneys, businesses, the SSA and the disability system in general, irrelevant asides, snide comments and downright silliness, all of which leap off the page at the reader from p. 5 onward. Despite plaintiff's page-by-page, nits-and-lice dissection of the administrative record, plaintiff ultimately alleges only a single actionable claim of error: "the judge made a wrong ruling of not disabled" because he "had false papers to go by." (Doc. 23, pp. 86, 97 of 105) This claim of error, for reasons discussed in detail below, does not constitute grounds for reversal and award of benefits. The remainder of plaintiff's allegations in the motion, although many, are unsupported by any factual allegations and, therefore, conclusory.

Finally, there is the notice of filing of 135 pages of medical and other records, and 24 pages and half-pages of handwritten notes, as well as numerous annotations/marks on the records themselves. Plaintiff asserts that these records are not in the administrative record. Taking plaintiff's statement as true for the moment, these records are being presented for the first time in this proceeding. Evidence of this sort may only be considered for purposes of determining whether remand is appropriate under the sixth sentence of § 405(g), discussed in detail below at pp. 6-8. Otherwise, the district court may not consider evidence presented for the first time at the court of appeals level. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

As explained above, apart from plaintiff's claim that the ALJ's decision was based on "false" records, plaintiff has failed to articulate a single actionable claim of error that would warrant reversal and award of benefits. Although *pro se* pleadings are held to less stringent standards than those prepared by an attorney, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the courts are not willing to "abrogate basic pleading essentials in *pro se* suits," *see Clark v. Johnston*, 413 Fed.Appx. 804, 817 (6th Cir. 2011)(quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990)). The pleadings "must 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012)(quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)). "The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts . . . ." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008)(citation omitted).[3]

Plaintiff has failed to state an actionable claim of reversible error. Accordingly, plaintiff's request for remand and award for benefits should be denied.

### C. Plaintiff's Request in the Alternative for Remand Under Sentence Six of § 405(g)

As noted above, the following single claim of error can be distilled from plaintiff's voluminous motion for judgment on the administrative record: "I believe that the judge made a wrong ruling of not disabled," because "the judge had false papers to go by." Plaintiff seeks remand pursuant to the sixth sentence in § 405(g), ostensibly to correct some unspecified error caused by the allegedly "false papers." To that end, plaintiff asserts in his motion that he has "more evidence to submit" (Doc. 23, p. 8 of 105), an apparent reference to the documents in the notice of filing

---

[3] The claims of error to which the Commissioner addressed herself cannot be liberally construed from the pleadings. The court is not obliged to adopt the claims of error that the Commissioner construed from the pleadings, nor would it be proper under *Grinter* to do so.

(Doc. 27).

The sixth sentence of § 405(g) reads in relevant part as follows: "The court may . . . remand the case to the Commissioner of Social Security for further action by the Commissioner . . . but only upon a showing that there is **new** evidence which is **material** and that there is **good cause** for the failure to incorporate such evidence into the record in a prior proceeding . . . ." (emphasis added) Plaintiff bears the burden under § 405(g) to establish that remand is warranted. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Remand under sentence six of § 405(g) is appropriate "only if the evidence is 'new' and 'material' and 'good cause' is shown for the failure to present the evidence to the ALJ." *Bass*, 499 F.3d at 506; *see Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). Evidence is "new" if it did not exist at the time of the administrative proceeding, and "material" if there is a reasonable probability that a different result would have been reached if introduced at the proceeding. *Ferguson*, 628 F.3d at 276. "Good cause" is demonstrated by "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 269 F.3d at 357. The law is well established that the Sixth Circuit takes "a harder line on the good cause test" with respect to timing and thus requires that the claimant "give a valid reason for his failure to obtain evidence prior to the hearing." *Courter v. Comm'r of Soc. Sec.*, 479 Fed.Appx. 713, 725 (6th Cir. 2012)(quoting *Oliver v. Sec'y of Health & Hum. Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)).

The evidence in the administrative record (Doc. 10) was considered by the SSA in the proceedings below. Because this evidence is not "new," remand to reconsider that evidence is not permissible under § 405(g). Twelve pages of the evidence submitted in the notice of filing appear in the administrative record that was considered in the proceedings below. (Doc. 27, pp. 43, 52, 89, 116-18, 135-36, 140, 143, 147, 152 of 159) Therefore, those records are not "new" for purposes

7

of remand under § 405(g). Although the remaining 147 pages in the notice of filing are not in the administrative record, plaintiff fails to allege and show that those records are "material," and that there was "good cause" for not having presented those records in the proceedings below. The many handwritten notes on the yellow lined paper do not (Doc. 27, pp. 1, 44, 48, 50, 53, 58, 61, 67, 69, 72, 79, 82, 86, 95, 100, 106, 120, 123, 128, 134, 137, 150, 154, 156 of 159), nor do the "new" records annotated with a yellow highlighter, hand written notes, and/or circled entries[4] (Doc. 27, pp. 6, 7, 11, 42, 78, 87, 91, 98-99, 114, 119, 125, 127, 135, 143, 146, 149, 158 of 159).

Plaintiff has failed to make the required showing for remand under the sixth sentence of § 405(g). Therefore, plaintiff's demand for relief to that end should be denied.

### C.  Plaintiff's Demand for Damages

Finally, plaintiff seeks money damages and injunctive relief from Land O Lakes Purina Feed LLC, Dr. LaDouceur, and the SSA. This action is before the court pursuant to § 405(g). Subject matter jurisdiction under § 405(g) "only permits judicial review of 'the final decision of the Secretary made after a hearing.'" *See Giesse v. Sec'y of Dept. of Health and Human Serv's*, 522 F.3d 697, 703 (6th Cir. 2008); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977). "An award of damages is not available" under § 405(g). *Giesse*, 522 F.3d at 704. Because jurisdiction under § 405(g) does not grant the district court the authority to award damages, plaintiff's demand for damages should be denied.

### III. RECOMMENDATION

For the reasons explained above, the undersigned **RECOMMENDS** that plaintiff's motion for judgment on the administrative record (Doc. 23) be **DENIED**, the Commissioner's decision **AFFIRMED**, and any remaining motions **TERMINATED** as moot. The parties have fourteen (14)

---

[4] The yellow highlighting cannot be seen on the scanned copies in CMECF.

days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 24th ay of August, 2015.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge